HARDING, J.,
concurring.
I dissented from the majority’s opinion in Advisory Opinion to the Attorney General re Florida Transportation Initiative for Statewide High Speed Monorail, Fixed Guideway or Magnetic Levitation System, 769 So.2d 367 (Fla.2000), because I believed that citizens’ initiative amendment violated the single subject requirement of article XI, section 3 of the Florida Constitution based upon its effect upon multiple branches of state government. See id. at 371-72 (Harding, J., dissenting). This Court had previously ruled that a citizens’ initiative amendment aimed at public education funding violated the single subject requirement because it affected both the Legislature’s appropriation function and the Governor’s veto power. See Advisory Opinion to the Attorney Gen. re Requirement for Adequate Public Educ. Funding, 703 So.2d 446 (Fla.1997). In High Speed Monorail, I found the precedent of Public Education Funding to be controlling and required a finding that the high-speed transportation amendment also violated the single subject requirement. See High Speed Monorail, 769 So.2d at 372 (Harding, J., dissenting). However, I was alone in my opposition to the high-speed transportation system amendment on that basis. The majority of the Court found the high-speed transportation amendment to be distinguishable because “the branches of government are left with wide discretion in determining the details and funding of the project.” Id. at 371. Based upon the majority’s decision in High Speed Monorail, I can find no basis to say that the proposed amendment at issue in this case is defective based upon a single subject violation.
While the instant proposed amendment may not be the model of clarity, I agree with the majority that the term “extracurricular classes” does not render the ballot title and summary defective. See majority op. at 585. Opponents of this amendment argue that it is misleading because the summary does not mention an exception to the class size restrictions for “extracurricular classes” and does not define that term in the text of the amendment. However, as the majority notes, the title and summary need not explain every detail or ramification of a proposed amendment. See id. Further, although the term is not defined in the amendment itself, most individuals have a common understanding of the activities or classes that would be considered “extracurricular.” Such organized student activities as athletics, band, and student government are connected with school, yet are “not part of the required curriculum” or fall outside the scope of the regular curriculum. Webster’s New World Dictionary 218 (2d ed.1983). These “extracurricular classes” would be exempt from the class size requirements. Any failure to define this exception with more specificity does not render the proposed amendment “clearly and conclusively defective.” Advisory Opinion to Attorney Gen. re Tax Limitation, 673 So.2d 864, 867 (Fla.1996).